**Rafael RIVERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–96–00523–CR.**

Court of Appeals of Texas, San Antonio.

Nov. 27, 1996.

Rehearing Overruled Jan. 7, 1997.

Wallace W. Canales, Alice, for Appellant.

Robert Huttash, Austin, Heriberto Silva, Rio Grande City, for Appellee.

Before CHAPA, C.J., and LÓPEZ and STONE, JJ.

STONE, Justice.

Appellant, Rafael Rivera, was convicted of delivery of cocaine and sentenced to twenty years confinement. Because Rivera's notice of appeal was untimely, we dismiss his appeal for lack of jurisdiction.

## Background

Rivera was sentenced on March 20, 1996. Because he timely filed a motion for new trial, Rivera's notice of appeal was due to be filed in the trial court no later than June 18, 1996. *See* TEX.R.APP. P. 41(b)(1). A motion for extension of time to file the notice of appeal was due to be filed in this Court on July 3, 1996. *See* TEX.R.APP. P. 41(b)(2).

On June 25, 1996, Rivera timely filed a motion for extension of time which indicated that he had "filed the notice of appeal with the clerk of the 229th Judicial District" on June 24, 1996. Accordingly, we granted the extension of time to the date Rivera requested, that is, June 26, 1996.

The notice of appeal was not filed with the district clerk until July 29, 1996, more than a month after the extended deadline. On the same date, Rivera filed a second motion for extension of time in this court which stated that he "inadvertently filed the notice of appeal with the clerk of the Court of Appeals [with his first motion for extension of time] instead of the 229th Judicial District court."

This second motion for extension of time was due on July 11, 1996. *See* TEX.R.APP. P. 41(b)(2). Because it was not timely filed, we denied the motion by order dated October 30, 1996. On the same date, we ordered Rivera to show cause why his appeal should not be dismissed for lack of jurisdiction.

## Discussion

Rivera asks that we construe his June 10, 1996 pauper's oath and request for appellate counsel as a timely notice of appeal. We decline to do so. Rule 40(b)(1) requires an independent notice of appeal; the affidavit of indigency and request for appointment of appellate counsel cannot serve as the notice of appeal or as a motion for extension of time. *Cooper v. State,* 917 S.W.2d 474, 477 (Tex.App.—Fort Worth 1996, pet. filed); *Williford v. State,* 909 S.W.2d 604, 605 (Tex. App.—Austin 1995, no pet.). *Contra Buchanan v. State,* 881 S.W.2d 376, 377–78 (Tex.App.—Houston [1st Dist.] 1994), *rev'd on other grounds,* 911 S.W.2d 11 (Tex.Crim. App.1995); *Massey v. State,* 759 S.W.2d 18, 19 (Tex.App.—Texarkana 1988, no pet.). Additionally, rule 40(b)(1) does not permit exceptions for documents filed in the wrong court. *See Jones v. State,* 900 S.W.2d 421, 423 (Tex.App.—Texarkana 1995, no pet.) (regarding improperly filed motion for extension of time).

Rivera urges us to follow *Grand Prairie Independent School District v. Southern Parts, Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991), where the appellant was permitted to substitute a timely filed notice of appeal with the correct perfecting instrument. The Texas Court of Criminal Appeals has specifically rejected this "liberal policy" when the perfecting instrument is untimely. *Olivo v. State,* 918 S.W.2d 519, 524 (Tex. Crim.App.1996). The appellant in a criminal case, unlike his civil counterpart, may pursue an out-of-time appeal by filing a writ of habeas corpus. *See* TEX.CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp.1997); *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex.Crim.App.1991); *Charles v. State,* 809 S.W.2d 574, 576 (Tex.App.—San Antonio 1991, no pet.).

Here, neither the notice of appeal nor the motion for extension of time was filed within fifteen days after the last day allowed by our first extension of time. Accordingly, we lack jurisdiction over this appeal. *See Olivo,* 918 S.W.2d at 526.

The appeal is dismissed.