No. 04-01-00276-CR



Roberto GARCIA,


Appellant



v.



The STATE of Texas,


Appellee



From the 379th Judicial District Court of Bexar County, Texas


Trial Court No. 1999-CR-5739


Honorable Bill White, Judge Presiding



PER CURIAM


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: June 29, 2001


DISMISSED FOR LACK OF JURISDICTION


 The trial court imposed sentence on February 8, 2000. Because Appellant filed a motion for
new trial, the notice of appeal was due to be filed May 9, 2000. Tex. R. App. P. 26.2(a)(1). A motion
for extension of time to file the notice of appeal was due on May 24, 2000. Tex. R. App. P. 26.3.
Appellant filed his notice of appeal on April 17, 2001. Appellant did not file a motion for extension
of time. 

 On May 15, 2001, we ordered appellant to show cause why his appeal should not be
dismissed for lack of jurisdiction. Appellant filed a response on June 11, 2001, explaining that his
notice of appeal was couched in counsel's motion to withdraw.

 This court lacks jurisdiction over an appeal of a criminal conviction in the absence of a timely,
written notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); see also Ater
v. Eighth Court of Appeals, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from felony
conviction may be sought by filing a writ of habeas corpus pursuant to Texas Code of Criminal
Procedure article 11.07).

 A late notice of appeal may be considered timely so as to invoke a court of appeals'
jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for
extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing
the notice of appeal, and (3) the court of appeals grants the motion for extension of time. Olivo, 918
S.W.2d at 522. There is no motion for extension of time. Moreover, the notice of appeal cannot be
inferred from counsel's motion to withdraw; rather, there must be an independent notice of appeal.
Rivera v. State, 940 S.W.2d 148, 149 (Tex. App.--San Antonio 1997, no pet.).

 This appeal is therefore dismissed for lack of jurisdiction.

 PER CURIAM

DO NOT PUBLISH