**Honorio Arezano BAEZ, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 06–07–00127–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 5, 2007.

Decided Sept. 6, 2007.

Rehearing Overruled Sept. 14, 2007.

David K. Haynes, McKinney, TX, for appellant.

Richard Glaser, Fannin County District Atty., Bonham, TX, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

OPINION

Opinion by Justice MOSELEY.

Honorio Arezano Baez attempts to appeal his conviction for injury to a child. *See* TEX. PENAL CODE ANN. § 22.04 (Vernon Supp.2006). Baez was convicted by a jury and the jury assessed punishment at thirty-two years' imprisonment. Baez's sentence was imposed March 29, 2007, and a motion for new trial was timely filed April 5, 2007, on his behalf. The primary issue with which we deal here is whether timely notice of appeal has been filed pursuant to Rule 25.2 of the Texas Rules of Appellate Procedure. *See* TEX.R.APP. P. 25.2.

The facts of this case are unique.

(1) Baez was represented by appointed counsel F.B. Larrea at trial. Larrea filed a motion for new trial and a motion to withdraw as counsel on the same day, April 5, 2007.

(2) The trial court granted that motion and appointed new counsel, J. Evan Robbins, April 9. Robbins, on May 17, filed a motion to withdraw as counsel.

(3) Robbins's motion was granted, and Baez was appointed different counsel, R.J. Hagood, on June 14.

(4) On July 30, the trial court signed an order removing Hagood and appointing David Haynes as counsel for Baez.

Neither Baez nor any of the succession of attorneys appointed to represent him ever filed an actual notice of appeal and we are asked to deem other writings as sufficing to satisfy the requirement set out in Rule 25.2(b) of the Texas Rules of Appellate Procedure to serve that function.

We are cognizant of the Texas Court of Criminal Appeals' recent language in the case of *Few v. State,* 230 S.W.3d 184, 187-88 (Tex.Crim.App., 2007), that "[a] person's right to appeal a civil or criminal judgment should not depend upon tracking through a trail of technicalities" and that "[a]s societal conditions change, so do procedural requirements and rules," referring to "the modern, more liberal Rule 25.2 now in effect" (*see* Tex.R.App. P. 25.2). Therefore, we attempt to be very liberal in the construction of instruments which are filed so as to not deny the appeal of a criminal case based on the want of proper form.

There are two documents in the file which might be capable of being construed as being a notice of appeal.

The first of these is contained within the motion to withdraw filed by Baez's original attorney, Larrea. That motion to withdraw states, in pertinent part, as follows:

2. Good cause to withdraw exists as specified below:

a. Defendant wishes to appeal his case and has expressed his interest to appeal.

b. Counsel and Defendant have agreed it would be in the Defendant's best interest to have an independent counsel to appeal the case.

If construed to have been a notice of appeal, this would have been a timely filing of a notice of appeal.

The other document which might be deemed to constitute a notice of appeal is a handwritten letter penned by Baez himself and mailed to the district clerk. That letter, quoted exactly as written, reads:

My Name is honorio Arenzano Baez. I was Sentens to 32 years T.D.C.J. And i had A Court appionted lawer. I was not aloud to bring any of my papers with me. All i have is a piece of paper with My lawers name Francisco f. Larrea Sherman, TX Grayson County. I need his information so i can write him. I am on appeal. but have not heard from him, nor have i got any mail. So if you can please send me any thing that can help me find him or any paper work on my case would ready help me.

This letter was dated July 23, 2007, and was filed with the district clerk July 26, 2007.

■ We are not convinced that even under the more relaxed or liberal standard directed by the Texas Court of Criminal Appeals, we should construe a statement extracted from an attorney's motion to withdraw as constituting a notice of appeal. The motion to withdraw was not filed for the purpose of providing such notice and the information was provided only to give a reason to permit counsel to withdraw (i.e., so that replacement counsel

could pursue an appeal). During the course of things, Baez had (several) counsel and it was each counsel's duty to file a notice of appeal on his behalf if Baez wished to pursue an appeal. The motion to withdraw was not designed to provide such concrete information and the supporting statement itself does not directly say that Baez actually intended to appeal.

Further, should we deem this type of language (which is hidden within a document which bears no apparent relation to providing a notice of appeal) adequate, practically any language contained within any type of document that indicated that Baez was considering filing an appeal would be sufficient to serve as a notice of appeal. We believe that to do so would be tantamount of dispensing with the necessity of filing any such notice. Without direction from the Texas Court of Criminal Appeals, we will not saddle ourselves with the added responsibility of exploring every nook and cranny of a record—even in unlikely places—to seek out language that might be stretched to conceivably serve as a "notice of appeal."

Accordingly, under our reading of the current Rule 25.2, we conclude that the language contained in Larrea's motion to withdraw does not constitute a sufficient notice of appeal. Therefore, Baez's handwritten letter, filed July 26, 2007, is the first document that could possibly be deemed as a notice of appeal.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim.App.1996). Rule 26.2(a) prescribes the time period in which a notice of appeal must be filed by a defendant in order to perfect appeal in a criminal case. A defendant's notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended in open court, or within ninety days after sentencing if the defendant timely files a motion for new trial. Tex.R.App. P. 26.2(a); *Olivo*, 918 S.W.2d at 522. The last date Baez could timely file his notice of appeal was June 27, 2007, ninety days after the day sentence was imposed in open court. *See* Tex.R.App. P. 26.2(a)(2). Further, no motion for extension of time was filed in this Court within fifteen days of the last day allowed for filing the notice of appeal.

Baez has failed to perfect his appeal. Accordingly, we dismiss the appeal for want of jurisdiction.