



# MEMORANDUM OPINION

No. 04-08-00393-CR

Mary S. **ROBERTS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-6404A
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:     Alma L. López, Chief Justice
             Karen Angelini, Justice
             Sandee Bryan Marion, Justice

Delivered and Filed:   August 27, 2008

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence in the underlying case on February 21, 2008. Because

appellant timely filed a motion for new trial on March 20, 2008, the notice of appeal was due to be

filed on May 21, 2008. TEX. R. APP. P. 26.2(a)(2); *Rodarte v. State*, 860 S.W.2d 108, 109 (Tex.

Crim. App. 1993) (time limit for perfecting appeal from judgment of conviction begins to run on day

sentence is imposed or suspended in open court, not on day written judgment is signed). A motion

for extension of time to file the notice of appeal was due within the fifteen-day grace period, which

expired on June 5, 2008. TEX. R. APP. P. 26.3. Appellant filed her notice of appeal in the trial court on May 30, 2008, but did not file a motion for extension of time.

On June 26, 2008, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction, noting "When a notice of appeal is filed within the fifteen-day grace period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Appellant responded by requesting that this court construe her Statement of Inability to Afford Counsel, which was filed on May 20, 2008, as a timely notice of appeal citing cases from other appellate courts as support. Noticeably absent from appellant's response was any citation to this court's prior decision in *Rivera v. State*, 940 S.W.2d 148, 149 (Tex. App.—San Antonio 1996, no pet.). In *Rivera*, we expressly rejected a request to construe a pauper's oath and request for appellate counsel as a timely notice of appeal. 940 S.W.2d at 149. Although appellant cited *Palma v. State*, 76 S.W.3d 638, 641 (Tex. App.—Corpus Christi 2002, pet. ref'd), in her response, appellant failed to acknowledge that the Corpus Christi court distinguished our decision in *Rivera* on the basis that the appellant in *Palma* filed a letter with the trial court expressing his desire to appeal and did not seek to rely on a request for appointment of appellate counsel. *Palma*, 76 S.W.3d at 642. Appellant's attorney is reminded that the Standards for Appellate Conduct adopted by the Supreme Court of Texas and the Texas Court of Criminal Appeals state that one of the lawyers' duties to the court is to "advise the Court of controlling legal authorities, including those adverse to their position."

As noted in *Rivera*, the Texas Court of Criminal Appeals "has specifically rejected [a] 'liberal policy' when the perfecting instrument is untimely." 940 S.W.2d at 149. Because appellant's notice of appeal was untimely filed, we dismiss this appeal for lack of jurisdiction. The

appellant may pursue an out-of-time appeal by filing a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. art. 11.07; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *Rivera*, 940 S.W.2d at 149.

PER CURIAM

DO NOT PUBLISH