*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# OPINION

No. 04-08-00393-CR

Mary S. **ROBERTS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-6404A
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Alma L. López, Chief Justice

Sitting:    Alma L. López, Chief Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice

Delivered and Filed:  October 1, 2008

DISMISSED FOR LACK OF JURISDICTION

The motion for rehearing filed by appellant, Mary S. Roberts, is denied.  This court's opinion

and order dated August 27, 2008, are withdrawn, and this opinion and judgment are substituted.  We

substitute this opinion to address Roberts's arguments regarding this court's prior holding in *Rivera*

*v. State*, 940 S.W.2d 148 (Tex. App.—San Antonio 1996, no pet.).

The trial court imposed sentence in the underlying case on February 21, 2008.  Because

appellant timely filed a motion for new trial on March 20, 2008, the notice of appeal was due to be

filed on May 21, 2008. TEX. R. APP. P. 26.2(a)(2); *Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993) (time limit for perfecting appeal from judgment of conviction begins to run on day sentence is imposed or suspended in open court, not on day written judgment is signed). A motion for extension of time to file the notice of appeal was due within the fifteen-day grace period, which expired on June 5, 2008. TEX. R. APP. P. 26.3. Appellant filed her notice of appeal in the trial court on May 30, 2008, but did not file a motion for extension of time.

On June 26, 2008, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction, noting "When a notice of appeal is filed within the fifteen-day grace period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Appellant responded by requesting that this court construe her Statement of Inability to Afford Counsel, which was filed on May 20, 2008, as a timely notice of appeal citing cases from other appellate courts as support. In our original opinion, we relied on our prior decision in *Rivera*, 940 S.W.2d at 149, in which this court expressly rejected a request to construe a pauper's oath and request for appellate counsel as a timely notice of appeal. In her motion for rehearing, Roberts explained that she failed to cite *Rivera* in her response or make any effort to distinguish it because subsequent rule changes have adopted a more liberal approach in determining the sufficiency of a notice of appeal. Roberts cites the Texas Court of Criminal Appeals's decision in *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003), and *Few v. State*, 230 S.W.3d 184 (Tex. Crim. App. 2007), as support.

Although the opinion in *Few* contains general language regarding the liberalization of the prior jurisdictional approach taken by the Court of Criminal Appeals, in *Few*, the appellant had filed a timely notice of appeal but included the wrong trial court cause number. 230 S.W.3d at 186. The

court noted that the Texas Rules of Appellate Procedure were amended in 2002 "to prevent trivial, repairable mistakes or defects from divesting appellate courts of jurisdiction to consider the merits of both State and defense appeals in criminal cases. Defective notices of appeal may now be amended at any time before the appealing party's brief is filed[.]'" *Id*. at 187. The *Few* court cited the court's prior opinion in *Bayless v. State*, which also addressed the ability to amend a notice of appeal to correct a defect prior to the filing of the appellant's brief. *Id*. at 189 (citing *Bayless v. State*, 91 S.W.3d 801 (Tex. Crim. App. 2002)). However, the *Few* court also stated, "The rules thus 'retain the requirement of notice of appeal. But they now permit amendment to cure apparently any defects in notices of appeal.'" *Id*. (quoting 43A George E. Dix & Robert O. Dawson, *Criminal Practice and Procedure* § 43.251a at 192 (2d ed. Supp. 2005)).

*Jones* involved a habeas application for an out-of-time appeal, however, it can be read as adopting a more liberal approach to construing documents as notices of appeal. The *Jones* court noted the question was "whether the appellant sufficiently manifested his desire to appeal so as to put the trial court on notice that it must determine whether the appellant was indigent and, if so, appoint appellate counsel." 98 S.W.3d at 702. The court noted that appellant's trial attorney filed a "Motion to Withdraw and Defendant's Request for Court Appointed Counsel" with an affidavit of indigency attached. *Id*. The court further noted that the motion contained a paragraph specifically stating appellant's intent to request appointed counsel "'for the purpose of a motion for new trial, appeal and ... a copy of the court reporter's notes.'" *Id*. at 703. The court concluded, "[t]he language of the motion and affidavit makes clear the appellant's desire to appeal." *Id*. As a result, the court instructed the lower court to grant an out-of-time appeal. *Id*. at 704.

In *Pharris v. State*, 196 S.W.3d 369, 372 (Tex. App.—Houston [1st Dist.] 2006, no pet.), the appellant filed a notice of appeal after the trial court signed an order relating to appellant's bond. Because the appellant did not file a second notice of appeal after the trial court issued a subsequent order modifying the bond, the State argued that the appeal was moot as to the first order, and the court lacked jurisdiction to consider the second order. 196 S.W.3d at 372. The Houston First Court, citing *Jones*, rejected this argument noting that the appellant had filed a "Motion to Supplement Record on Appeal" stating the appellant's desire to challenge that order also. *Id*. at 372-73. The Houston First Court asserted that this document was sufficient to demonstrate appellant's desire to appeal. *Id*. at 372; *see also Hall v. State*, No. 11-05-00222-CR, 2006 WL 944647, at *1 (Tex. App.—Eastland Apr. 13, 2006, pet. ref'd) (construing motion requesting appointment of appellate attorney as a sufficient notice of appeal).

On the other hand, in *Alejandro v. State*, No. 14-06-00539-CR, 2006 WL 2074819, at *1 (Tex. App.—Houston [14th Dist.] July 27, 2006, pet. ref'd) (not designated for publication), appellant's counsel asked the Houston Fourteenth Court to consider appellant's pauper's oath and a designation of record on appeal as sufficient to show appellant's intent to appeal. The Houston Fourteenth Court held, "Although the Court of Criminal Appeals may consider these facts in determining whether to grant an out-of-time appeal, *Jones v. State*, 98 S.W.3d 700, 703-04 (Tex. Crim. App. 2003), the court of appeals must dismiss wheren [sic] no timely notice of appeal has been filed." *Alejandro*, 2006 WL 2074819, at *1 (citing *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998)).

Similarly, in *Currie v. State*, No. 09-06-225-CR, 2006 WL 2506419, at (1 (Tex. App.—Beaumont Aug. 30, 2006, no pet.) (not designated for publication), the Beaumont court was

asked to consider a document entitled "Pauper's Oath on Appeal" as a notice of appeal. The Beaumont court interpreted *Jones* as holding an appeal was not timely perfected when a motion to withdraw and request for appointed counsel was filed but not a notice of appeal. *Id*. The Beaumont court noted, "The Court of Criminal Appeals held the documents put the trial court on notice of the defendant's desire to appeal, but did not hold that the documents functioned as a notice of appeal." *Id*. Although the court granted an out-of-time appeal in *Jones*, the Beaumont court asserted, "As an intermediate appellate court, we are not authorized to grant out-of-time appeals." *Id*.

Finally, in *Baez v. State*, 235 S.W.3d 839 (Tex. App.—Texarkana 2007, pet. ref'd), the Texarkana court refused to construe a motion to withdraw as counsel - which mentioned the defendant's desire to appeal and the defendant's expressed interest in appealing - as a notice of appeal. 235 S.W.3d at 840-41. The Texarkana court acknowledged the court's holding in *Few* and its need to "attempt to be very liberal in the construction of instruments which are filed so as to not deny the appeal of a criminal case based on the want of proper form." *Id*. at 840. The Texarkana court concluded, however, that even under the more relaxed or liberal standard directed by the Texas Court of Criminal Appeals, it was not convinced that it should construe a statement extracted from an attorney's motion to withdraw as a notice of appeal. *Id*. The Texarkana court reasoned:

> [S]hould we deem this type of language (which is hidden within a document which bears no apparent relation to providing a notice of appeal) adequate, practically any language contained within any type of document that indicated that Baez was considering filing an appeal would be sufficient to serve as a notice of appeal. We believe that to do so would be tantamount [to] dispensing with the necessity of filing any such notice. Without direction from the Texas Court of Criminal Appeals, we will not saddle ourselves with the added responsibility of exploring every nook and cranny of a record--even in unlikely places--to seek out language that might be stretched to conceivably serve as a "notice of appeal."

*Id*. at 841.

In this case, the only document filed by Roberts is a Statement of Inability to Afford Counsel. The word appeal is never mentioned in the document. Although we acknowledge the decisions subsequent to *Rivera* have adopted a more liberal policy, we hold that Roberts's statement is not a sufficient notice of appeal. Even under the more liberal policy, the document must in some manner allude to the desire to appeal or we would be saddled "with the added responsibility of exploring every nook and cranny of a record--even in unlikely places--to seek out language that might be stretched to conceivably serve as a 'notice of appeal.'" *Baez*, 235 S.W.3d at 841. Because appellant's notice of appeal was untimely filed, we dismiss this appeal for lack of jurisdiction. The appellant may pursue an out-of-time appeal by filing an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. art. 11.07; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *Rivera*, 940 S.W.2d at 149.

Alma L. López, Chief Justice

PUBLISH