COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-08-332-CR

 

 

MICHAEL SEAN VANN                                                          APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

               FROM
THE 43RD DISTRICT COURT OF PARKER COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------       








Appellant Michael Sean Vann
attempts to appeal his conviction for evading arrest with a motor vehicle for
which he was sentenced to thirty-one years= confinement in a judgment dated June 10, 2008.  Vann timely filed a motion for new trial on
July 9, 2008.  Vann=s notice of appeal was due September 8, 2008, but was not filed until
September 22, 2008.  The notice of appeal
stated that Vann was appealing from Athe judgment of conviction and sentence.@

On September 24, 2008, we
sent Vann a letter stating that the court was concerned that it may not have
jurisdiction over his appeal because his notice of appeal was not timely
filed.  See Tex. R. App. P.
26.2.  Our letter also stated that the
trial court=s
certification stated that this is a plea-bargain case, that Vann had no right
of appeal, and that he had waived his right of appeal.  We instructed Vann or any party desiring to
continue the appeal to file with the court a response showing grounds for
continuing the appeal.








Vann responded by filing an
amended notice of appeal and a document entitled AAppellant=s Response
Showing Grounds for Continuing His Appeal.@  Vann=s response argued that his appeal was timely because his prior counsel
filed a motion to withdraw as attorney of record and included the following
statement, ADefendant
wishes to pursue appellate remedies[,] and it is necessary that another counsel
be appointed who is not in conflict with Defendant.@  However, the motion was never
filed in this court, and such language does not constitute a sufficient notice
of appeal.  See Baez v. State, 235
S.W.3d 839, 841 (Tex. App.CTexarkana 2007, pet. ref=d) (holding that language contained in motion to withdraw does not
constitute a sufficient notice of appeal under rule 25.2).  We therefore lack jurisdiction over Vann=s notice of appeal that was not timely filed.  See State v. Riewe, 13 S.W.3d 408, 410
(Tex. Crim. App. 2000) (stating that appellate jurisdiction is invoked by
giving timely and proper notice of appeal).

Moreover, even if Vann=s notice of appeal had been timely filed, he had no right of appeal
from his plea bargain.  Although Vann
amended his notice of appeal to state that he was appealing from the trial
court=s denial of his request for permission to appeal the judgment and
sentence, we find no provision giving us jurisdiction over such an appeal.  The Texas Rules of Appellate Procedure are
clear that in a plea-bargain case, an appellant may appeal only Athose matters that were raised by written motion filed and ruled on
before trial@ or Aafter getting the trial court=s permission to appeal.@  Tex. R. App. P.
25.2(a)(2).  There is no exception for
the trial court=s refusal to
grant permission to appeal.  See
Estrada v. State, 149 S.W.3d 280, 282 (Tex. App.CHouston [1st Dist.] 2004, pet. ref=d).  In this case, the trial
court certified that this Ais a plea-bargain case, and the defendant has NO right of appeal@ and that Athe
defendant has waived the right of appeal.@  Even if the notice of appeal
had been timely, without a certification from the trial court reflecting a
right to appeal, we would have had to dismiss the appeal.  See Tex. R. App. P. 25.2(d).

 

 








Having held that the notice
of appeal is untimely, we dismiss Vann=s appeal for lack of jurisdiction.

 

PER CURIAM

PANEL: 
WALKER, J.; CAYCE, C.J.; and MCCOY, J. 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 30, 2008











[1]See Tex.
R. App. P. 47.4.