

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 2-08-332-CR

MICHAEL SEAN VANN                                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Michael Sean Vann attempts to appeal his conviction for evading arrest with a motor vehicle for which he was sentenced to thirty-one years' confinement in a judgment dated June 10, 2008.  Vann timely filed a motion for new trial on July 9, 2008.  Vann's notice of appeal was due September 8, 2008, but was not filed until September 22, 2008.  The notice

---

[1] *See* Tex. R. App. P. 47.4.

of appeal stated that Vann was appealing from "the judgment of conviction and sentence."

On September 24, 2008, we sent Vann a letter stating that the court was concerned that it may not have jurisdiction over his appeal because his notice of appeal was not timely filed. *See* Tex. R. App. P. 26.2. Our letter also stated that the trial court's certification stated that this is a plea-bargain case, that Vann had no right of appeal, and that he had waived his right of appeal. We instructed Vann or any party desiring to continue the appeal to file with the court a response showing grounds for continuing the appeal.

Vann responded by filing an amended notice of appeal and a document entitled "Appellant's Response Showing Grounds for Continuing His Appeal." Vann's response argued that his appeal was timely because his prior counsel filed a motion to withdraw as attorney of record and included the following statement, "Defendant wishes to pursue appellate remedies[,] and it is necessary that another counsel be appointed who is not in conflict with Defendant." However, the motion was never filed in this court, and such language does not constitute a sufficient notice of appeal. *See Baez v. State*, 235 S.W.3d 839, 841 (Tex. App.—Texarkana 2007, pet. ref'd) (holding that language contained in motion to withdraw does not constitute a sufficient notice of appeal under rule 25.2). We therefore lack jurisdiction over Vann's

2

notice of appeal that was not timely filed. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000) (stating that appellate jurisdiction is invoked by giving timely and proper notice of appeal).

Moreover, even if Vann's notice of appeal had been timely filed, he had no right of appeal from his plea bargain. Although Vann amended his notice of appeal to state that he was appealing from the trial court's denial of his request for permission to appeal the judgment and sentence, we find no provision giving us jurisdiction over such an appeal. The Texas Rules of Appellate Procedure are clear that in a plea-bargain case, an appellant may appeal only "those matters that were raised by written motion filed and ruled on before trial" or "after getting the trial court's permission to appeal." Tex. R. App. P. 25.2(a)(2). There is no exception for the trial court's refusal to grant permission to appeal. *See Estrada v. State*, 149 S.W.3d 280, 282 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). In this case, the trial court certified that this "is a plea-bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal." Even if the notice of appeal had been timely, without a certification from the trial court reflecting a right to appeal, we would have had to dismiss the appeal. *See* Tex. R. App. P. 25.2(d).

3

Having held that the notice of appeal is untimely, we dismiss Vann's appeal for lack of jurisdiction.

PER CURIAM

PANEL:  WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 30, 2008

4