

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00073-CR

Toribio **QUINTERO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 147th District Court, Travis County, Texas
Trial Court No. D-1-DC-12-200528
Honorable Bert Richardson, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Sandee Bryan Marion, Justice

Delivered and Filed: February 20, 2013

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence in the underlying cause on September 28, 2012. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed October 29, 2012. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on November 13, 2012. TEX. R. APP. P. 26.3. Appellant filed a notice of appeal and a motion for extension of time on December 12, 2012.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be

considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id.*

Because the notice of appeal appeared to be untimely, this court issued an order directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Our order noted that appellant's motion for extension of time referred to a statement contained in a motion to withdraw filed by trial counsel stating appellant should be appointed new counsel on appeal. We further noted that the motion did not contain a statement of appellant's desire to appeal. Finally, we noted that although the Texas Court of Criminal Appeals could consider the language in trial counsel's motion to withdraw in determining whether appellant may be entitled to an out-of-time appeal, *see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure), this court did not construe the motion as a notice of appeal. *See Roberts v. State*, 270 S.W.3d 662, 665 (Tex. App.—San Antonio 2008, no pet.); *Rivera v. State*, 940 S.W.2d 148, 149 (Tex. App.—San Antonio 1996, no pet.).

In his response to our show cause order, appellant first argues that trial counsel's motion to withdraw could be construed as a notice of appeal. For the reasons previously mentioned in our show cause order and noted above, we do not construe the motion as a notice of appeal. *See Roberts*, 270 S.W.3d at 665, *Rivera*, 940 S.W.2d at 149. Appellant also argues that this court has the authority to grant an out-of-time appeal, citing *Jones v. State*, 98 S.W.3d 700, 703–04 (Tex. Crim. App. 2003). In *Jones*, the Texas Court of Criminal Appeals was considering an appeal from an intermediate appellate court's affirmance of a trial court's order denying a habeas

application. 98 S.W.3d at 702. Although the offense to which the habeas related appears to be a felony sexual assault, the opinion does not address the basis for the intermediate appellate court's jurisdiction over the appeal. Nothing in the opinion, however, detracts from the Texas Court of Criminal Appeals' unequivocal statement in *Ater* that it is the only court with jurisdiction to consider habeas relief in final post-conviction felony proceedings. 802 S.W.2d at 243; *see also* TEX. CODE CRIM. PROC. art. 11.07. Accordingly, we lack jurisdiction to grant appellant an out-of-time appeal. Because this court lacks jurisdiction to consider appellant's untimely filed appeal, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH