**DISMISS; Opinion issued April 11, 2013**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01638-CR

## QUINCY KWAMAINE JOHNSON, Appellant
V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-82768-10**

## MEMORANDUM OPINION
Before Justices Francis, Lang, and Evans
Opinion by Justice Francis

In a bench trial, Quincy Kwamaine Johnson pleaded not guilty to the charge of indecency with a child by contact. After hearing the evidence, the trial court found appellant guilty and imposed a sentence of fifteen years and six months in prison. The dispositive issue is whether appellant has timely filed a notice of appeal. We conclude he has not and dismiss this appeal for want of jurisdiction.

Sentence was imposed in this case on April 12, 2011. One week later, appellant's court-appointed counsel filed two documents: (1) a motion for new trial and arrest of judgment and (2) a motion to withdraw as counsel. Nearly eight months later and long after the deadline had passed for filing notice of appeal, appellant filed a handwritten notice of appeal. *See* TEX. R.

APP. P. 26.2(a)(1),(2). Appellant nevertheless argues this Court should construe the motion to withdraw as counsel as his notice of appeal. The motion states, in pertinent part, as follows:

> 2. Defendant cannot afford to hire an attorney for his appeal given his current incarceration. Movant and Mr. Johnson agree that it is in Mr. Johnson's best interest for a different attorney to represent Mr. Johnson in his appeal.

Texas Rule of Appellate Procedure 25.2(c)(2) provides that notice is sufficient if it shows the defendant's "desire to appeal from the judgment or other appealable order[.]" In *Baez v. State*, 235 S.W.3d 839 (Tex. App.—Texarkana 2007, pet. ref'd), our sister court considered whether a motion to withdraw as counsel could be construed as a notice of appeal. Coincidentally, the motion was filed by the same court-appointed counsel as in this case. In the motion, counsel stated "[d]efendant wishes to appeal his case and has expressed his interest to appeal." *Baez*, 235 S.W.3d at 840.

The Texarkana court concluded that, even under a relaxed standard of construction, a statement extracted from an attorney's motion to withdraw should not constitute a notice of appeal. *Id.* The court explained that a motion to withdraw was filed for the purpose of providing such notice and the information was provided only to give a reason for a counsel to withdraw. The court noted the motion itself did not directly say the defendant "actually intended to appeal." *Id.* at 841. Moreover, the Court expressed its reluctance to "saddle ourselves with the added responsibility of exploring every nook and cranny of a record—even in unlikely places—to seek out language that might be stretched to conceivably serve as a 'notice of appeal.'" *Id.*

We agree with the reasoning of the Texarkana court. Additionally, we note that the body of the motion to withdraw in this case, unlike in *Baez*, said nothing about the appellant's desire to appeal. We conclude the motion to withdraw does not constitute a sufficient notice of appeal.

2

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The last date appellant could have filed a notice of appeal was July 11, 2011, ninety days after the day sentence was imposed in open court. *See* TEX. R. APP. P. 26.2(a)(2). Because no notice of appeal was filed by that date, we conclude appellant has failed to perfect his appeal.

We dismiss the appeal for want of jurisdiction.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111638F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

QUINCY KWAMAINE JOHNSON,
Appellant

No. 05-11-01638-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-82768-10.
Opinion delivered by Justice Francis;
Justices Lang and Evans participating.

        Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.


Judgment entered April 11, 2013.


/Molly Francis/
MOLLY FRANCIS
JUSTICE

4