**DISMISS; and Opinion Filed October 29, 2013.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-01244-CR

**NATHAN EARL BURGESS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause No. 001-86625-2012**

## MEMORANDUM OPINION

Before Justices Moseley, Lang, and Brown
Opinion by Justice Brown

Nathan Earl Burgess was convicted of illegal dumping in an amount weighing more than five pounds but less than 500 pounds. *See* TEX. HEALTH & SAFETY CODE ANN. § 365.012(a), (e) (West Supp. 2012). Punishment was assessed at twenty days' confinement in jail, probated for nine months. Sentence was imposed in open court on July 8, 2013. No timely motion for new trial was filed[1]; therefore, appellant's notice of appeal was due by August 7, 2013. *See* TEX. R. APP. P. 26.2(a)(1). Appellant filed his notice of appeal on August 23, 2013. Because it appeared appellant's notice of appeal was untimely, we directed the parties to file letter briefs addressing our jurisdiction over the appeal. Appellant responded by filing a motion to extend time to file his notice of appeal and a letter brief. We conclude we lack jurisdiction over the appeal.

---

[1] Appellant's motion for new trial was due by August 7, 2013. *See* TEX. R. APP. P. 21.4(a). Appellant filed an untimely motion for new trial on August 8, 2013.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. To invoke the Court's jurisdiction, an appellant must file his notice of appeal within the time period provided by the rules of appellate procedure. *See id.*; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

In his extension motion, appellant asserts that Texas Rule of Appellate Procedure 2 allows the Court to alter the time for perfecting the appeal in a criminal case. However, the Texas Court of Criminal Appeals specifically rejected appellant's argument that rule 2 could be used in a criminal case to alter the time for filing a notice of appeal. *See Slaton*, 981 S.W.2d at 210 (stating rationale in *Olivo* still valid); *Olivo*, 918 S.W.2d at 522–23 (rule 2 may not be used to create jurisdiction where none exists). The court of criminal appeals stated, "[i]f an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal." *Slaton*, 981 S.W.2d at 210.

In his letter brief, appellant asks the Court to consider as a notice of appeal the July 29, 2013 letter from counsel to the court reporter stating appellant's intent to appeal and asking the court reporter to prepare the reporter's record. We conclude the letter to the court reporter does not satisfy the notice of appeal requirement.

A notice of appeal must be given in writing and filed with the trial court clerk. *See* TEX. R. APP. P. 25.2(c)(1). The notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order. *See id*. 25.2(c)(2). A statement in a letter to a court reporter that appellant "intends to appeal" does not satisfy the requirement of a notice of appeal. *Cf. Baez v. State*, 235 S.W.3d 839, 840–41 (Tex. App.—Texarkana 2007, pet. ref'd) (concluding statement extracted from trial counsel's motion to withdraw did not satisfy notice of appeal

–2–

requirement). Moreover, in the letter to the court reporter, appellant's counsel specifically stated "[o]ur notice of appeal has not yet been filed, however it will be filed within the next ten days. . . ." Thus, it is clear that appellant's counsel anticipated filing a document that was a notice of appeal and was not relying on the letter to the court reporter to satisfy that requirement. *See id.* (document on which appellant relied was not filed for purpose of giving notice of appeal). We conclude, therefore, that appellant's letter to the court reporter was not a notice of appeal. *See id.*

Absent a timely motion for new trial, appellant's notice of appeal was due by August 7, 2013. *See* TEX. R. APP. P. 26.2(a)(1). To obtain the benefit of the fifteen-day extension period provided rule 26.3, appellant had to file, by August 22, 2013, both his notice of appeal in the trial court and an extension motion in this Court. *See* TEX. R. APP. P. 26.3(a), (b); *Olivo*, 918 S.W.2d at 523. Appellant's notice of appeal is file-stamped August 23, 2013, one day beyond the fifteen-day extension period, and the certificate of service is also dated August 23, 2013. Moreover, appellant did not file his extension motion until September 23, 2013.

Because appellant's notice of appeal is untimely, we have no authority to take any action except to dismiss the appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523. Accordingly, we deny appellant's September 23, 2013 motion to extend time to file his notice of appeal.

We dismiss the appeal for want of jurisdiction.

/Ada Brown/
_____
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131244F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NATHAN EARL BURGESS, Appellant

No. 05-13-01244-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1, Collin County, Texas
Trial Court Cause No. 001-86625-2012.
Opinion delivered by Justice Brown,
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 29th day of October, 2013.

/Ada Brown/
ADA BROWN
JUSTICE