

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00035-CR

Stephen Anthony **BERNAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR7017
Honorable Olin B. Strauss, Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Sandee Bryan Marion, Justice

Delivered and Filed:  February 5, 2014

DISMISSED FOR LACK OF JURISDICTION

Appellant filed a document entitled Motion for Leave to File Late Notice of Appeal in the trial court; however, appellant did not file a notice of appeal. A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). By order dated January 16, 2014, appellant was ordered to show cause in writing why this appeal should not be dismissed for want of jurisdiction.

Appellant responded to this court's order asserting that either his motion for leave or a letter he sent to the trial court clerk, which was filed on December 4, 2013, should be construed as

a notice of appeal. With regard to the motion, the Texas Court of Criminal Appeals permits a late notice of appeal to be considered timely so as to invoke a court of appeals' jurisdiction if (1) the notice of appeal is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id*. Therefore, the Texas Court of Criminal Appeals requires that the notice of appeal be a separate document from the motion for extension of time. With regard to the letter, appellant does not state a desire to appeal, but simply informs the trial court clerk that he had not received the paperwork from his trial in order to appeal. The letter requests "a full disposition of my case and trial as well as any other information so that I may be able to set a new trial and resolve this matter with new counsel and setting." The letter does not state a present intention to appeal.

Although the Texas Court of Criminal Appeals may consider appellant's letter and his filing of the motion in determining whether appellant should be entitled to an out-of-time appeal, *see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure), we do not construe the motion or the letter as a notice of appeal. *See Roberts v. State*, 270 S.W.3d 662 (Tex. App.—San Antonio 2008, no pet.); *Rivera v. State*, 940 S.W.2d 148, 149 (Tex. App.—San Antonio 1996, no pet.). Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH