**Opinion issued December 3, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-01037-CV

———————————

**JOSEPH ANDREW BEACH, Appellant**

**V.**

**CHRISTINE NICOLE BEACH, Appellee**

---

**On Appeal from the 328th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 18-DCV-250022**

---

## MEMORANDUM OPINION

Appellant, Joseph Andrew Beach, filed a notice of appeal on November 9, 2019 attempting to appeal from a final divorce decree signed by the trial court on July 24, 2018. We dismiss the appeal for want of jurisdiction.

Generally, a notice of appeal is due within thirty days after the final judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period provided by Rule 26.3. *See* TEX .R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court signed the judgment from which appellant appeals on July 24, 2018 and no motion for new trial was filed. Therefore, appellant's notice of appeal was due by August 23, 2018. *See* TEX. R. APP. P. 26.1. On November 9, 2018, appellant filed an untitled "motion" requesting an appeal of the judgment. Although we construe this motion as a notice of appeal, it was untimely filed seventy-eight days after the deadline. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal.  *See* TEX. R. APP. P. 25.1.

On August 7, 2019, the Clerk of this Court notified appellant that this appeal was subject to dismissal for want of jurisdiction unless he demonstrated this Court had jurisdiction over this appeal. Appellant filed a response asserting that his appeal is timely due to a letter appellant sent to the trial court judge on August 1, 2018. The clerk's record includes appellant's letter and a response from the court coordinator informing appellant that (1) the court received the letter but the judge could not read an ex parte communication and (2) the letter was placed in the court's file. Appellant's 4-page handwritten letter discusses his personal history and makes various claims and complaints about the divorce. In his response, appellant points to a sentence located in the middle of the last paragraph on the third page of the letter in which appellant asks if the judge could "step in and reopen the case, intercede on some level, or . . . help [appellant] appeal whatever happened" in the case. This statement, which was buried in a letter bearing no apparent relation to providing a notice of appeal, was insufficient to be considered a notice of appeal. *Cf. Baez v. State,* 235 S.W.3d 839, 840-41 (Tex. App.—Texarkana 2007, pet. ref'd) (concluding that, even under relaxed standard of construction, statement extracted from trial counsel's motion to withdraw did not satisfy notice of appeal requirement).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Landau and Hightower.