

# NUMBER 13-22-00524-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MATTHEW ANDREW ALLRED, Appellant,

v.

THE STATE OF TEXAS, Appellee.

### On appeal from the 443rd District Court
### of Ellis County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Silva**
**Memorandum Opinion by Justice Longoria**

Appellant Matthew Andrew Allred attempts to appeal convictions for two counts of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021. On March 11, 2022, the trial court imposed concurrent sentences of life imprisonment. Appellant's notice of appeal was filed with the district clerk on October 10, 2022, and was filed with

the Tenth Court of Appeals on October 20, 2022. The Texas Supreme Court subsequently transferred the appeal to this Court. *See* TEX. GOV'T CODE ANN. § 73.001.

On November 2, 2022, the Clerk of this Court notified appellant that it appeared that the appeal had not been not timely perfected and advised appellant that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. *See* TEX. R. APP. P. 37.1. In response, appellant filed an amended notice of appeal stating that appellant was convicted on March 11, 2022, the judgments were "assessed" on September 29, 2022, and a motion for new trial was filed on October 17, 2022. Appellant subsequently filed a second amended notice of appeal reiterating this sequence of events and stating that "[b]oth the Court File mark as well as the Presiding Judge's signature[s] indicate the Judgment[s were] entered on September 29, 2022." In this regard, the judgments bear file-stamped dates of September 29, 2022, and state near the trial court's signature line: "Date Judgment Entered: September 29, 2022."

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Guthrie-Nail v. State*, 543 S.W.3d 225, 226 (Tex. Crim. App. 2018); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981 S.W.2d 208,

2

210 (Tex. Crim. App. 1998). "The Texas Rules of Appellate Procedure govern the perfection of appeal." *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018).

Texas Rule of Appellate Procedure 26.2(a) prescribes the period of time within which a defendant in a criminal case must file a notice of appeal in order to perfect the appeal:

(a)    By the Defendant. The notice of appeal must be filed:

(1)    within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or

(2)    within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.

TEX. R. APP. P. 26.2(a). Therefore, in a criminal case, the defendant must file a notice of appeal within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. *See id.* R. 26.2(a)(1). If the defendant timely files a motion for new trial, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* R. 26.2(a)(2). The defendant may obtain an extension of time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the defendant files the notice of appeal in the trial court and files a motion complying with the Texas Rules of Appellate Procedure in the appellate court. *See id.* R. 26.3; *see also id*. R. 10.5. Thus, a late notice of appeal may be considered timely if (1) it is filed within fifteen days of the last day

3

allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See Olivo*, 918 S.W.3d at 522.

When a defendant appeals from a conviction in a criminal case, the time to file a notice of appeal runs from the date sentence is imposed or suspended in open court, not from the date sentence is signed and entered by the trial court. *See Rodarte v. State*, 860 S.W .2d 108, 109 (Tex. Crim. App. 1993) (construing the predecessor to Rule 26.2); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Roberts v. State*, 270 S.W.3d 662, 663 (Tex. App.—San Antonio 2008, no pet.); *Modica v. State*, 151 S.W.3d 716, 720 (Tex. App.—Beaumont 2004, pet. ref'd); *George v. State*, 883 S.W.2d 250, 251 (Tex. App.—El Paso 1994, no pet.). Otherwise, when a criminal defendant appeals from an "appealable order," the time to file the notice of appeal is calendared from the date that order is entered. *See Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012) (discussing appeals from nunc pro tunc orders); *O'Conner v. State*, 266 S.W.3d 575, 577 (Tex. App.—Amarillo 2008, pet. ref'd) (explaining that the calculation of the appellate deadlines is "context dependent" regarding whether the appeal is calculated from the time sentence is imposed or suspended or from an appealable order).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that the notice of appeal was not timely filed, and we thus

4

lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d 208; *Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 242–43 (Tex. Crim. App. 1991) (orig. proceeding) (explaining that out-of-time appeals are governed by post-conviction writs of habeas corpus). Accordingly, we dismiss this appeal for lack of jurisdiction.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
10th day of November, 2022.

5