Kevin Lamont ROLLINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–08–00515–CR.

Court of Appeals of Texas,
Beaumont.

April 15, 2009.

Hugh O'Fiel, Beaumont, for appellant.

Kevin Lamont Rollins, Port Arthur, pro se.

Tom Maness, Crim. Dist. Atty., Rodney D. Conerly, Asst. Dist. Atty., Beaumont, for state.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

We have before the Court an appeal by Kevin Lamont Rollins from a sentence pronounced on October 14, 2008. The notice of appeal was filed with the trial court on November 14, 2008, more than thirty days from the date of sentencing. Rollins did not timely file a request for extension of time to file a notice of appeal. *See* TEX.R.APP. P. 26.3(b). We notified the par-

ties that the notice of appeal did not appear to have been timely filed. The parties did not establish that the notice of appeal was timely filed.

The Court finds that the notice of appeal was not timely filed. *See* Tex.R.App. P. 26.2. No motion for extension of time was timely filed pursuant to Tex.R.App. P. 26.3. It does not appear that appellant obtained an out-of-time appeal from the Court of Criminal Appeals. The Court finds it is without jurisdiction to entertain this appeal. Accordingly, the appeal is dismissed for want of jurisdiction.

APPEAL DISMISSED.

GAULTNEY, J., dissenting.

DAVID GAULTNEY, Justice, dissenting.

Appellant filed his *pro se* notice of appeal one day late, but within the fifteen-day grace period for filing a motion for extension of time. *See* Tex.R.App. P. 26.2(a), 26.3. His appointed trial counsel explains he was unaware the defendant desired to appeal. The attorney requests appellant be allowed an out-of-time appeal.

Under Rule 26.3, an appellate court has authority to grant a motion to extend the time to file a notice of appeal. *See Hone v. Hanafin,* 104 S.W.3d 884, 885 (Tex.2003); *Christus Health Southeast Tex. v. Broussard,* 267 S.W.3d 531, 533–34 (Tex.App.-Beaumont 2008, no pet.). We have done so in civil cases when a notice of appeal is filed within fifteen days of the appeal deadline, even in the absence of a separate Rule 26.3 motion. *See Broussard,* 267 S.W.3d at 533–34. We explained that "[a]n extension · motion is necessarily im-

plied if a notice of appeal is filed within fifteen days after it was due." *See id.* at 533 (citing *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997)). In *Hone,* the Supreme Court noted that the court of appeals could consider a notice of appeal filed two days late, but within the fifteen-day period to extend the deadline under Rule 26.3, as an "implied motion for extension of time to file a notice of appeal." *Hone,* 104 S.W.3d at 885–86. We should do that in this case.

Rule 26.3 should be interpreted the same in a criminal appeal as in a civil appeal. Regardless of the civil or criminal context, the rule is the same. *See* Tex. R.App. P. 26.3. We should construe the *pro se* notice of appeal, which in this case is a one-and-a-half page letter expressing a desire to appeal, as an "implied motion for extension of time to file a notice of appeal." *See Hone,* 104 S.W.3d at 886–87.

Subsequent to its opinion in *Bayless v. State,* 91 S.W.3d 801 (Tex.Crim.App.2002), the Court of Criminal Appeals has followed an approach to perfecting appeals that is similar to that of the Texas Supreme Court. *See Few v. State,* 230 S.W.3d 184, 189–90 (Tex.Crim.App.2007).[1] In *Bayless,* the Court of Criminal Appeals reasoned that "there is no statutory time limit on a defendant's right to appeal[.]" *Bayless,* 91 S.W.3d at 805. Under former article 44.08(e) (repealed effective September 1, 1986), the courts of appeals had the "option of extending the filing period" "[f]or good cause shown[.]" *Bayless,* 91 S.W.3d at 805. "Thus, the time allowed for filing a notice of appeal was ultimately left to the discretion of the courts of appeals." *Id.*

---

1. In this way, *Bayless* is a watershed case. Considering the rulings in *Olivo v. State,* 918 S.W.2d 519, 524 (Tex.Crim.App.1996) and *Slaton v. State,* 981 S.W.2d 208 (Tex.Crim. App.1998), it appears *Bayless* and now *Few* mark a dramatically different approach, and one that suggests an alignment of the interpretation of the applicable appellate rules by the two highest courts of this State.

The Rules of Appellate Procedure now provide the procedures that a defendant must follow in order to perfect the appeal. *See Bayless*, 91 S.W.3d at 805. In this instance, the applicable appellate rule on extensions of time to file the notice in civil and criminal cases is exactly the same: Rule 26.3. The rule is applicable in both civil and criminal cases.

The Court of Criminal Appeals recently stated, "A person's right to appeal a civil or criminal judgment should not depend upon tracking through a trail of technicalities." *Few*, 230 S.W.3d at 190. Citing an authoritative treatise, the Court in *Few* explained that "[a]s societal conditions change, so do procedural requirements and rules." *Id.* (citing 43A George E. Dix & Robert O. Dawson, Criminal Practice and Procedure § 43.252 at 548 (2d.2001)). In light of *Few*, this Court should construe the appellate rules in criminal appeals reasonably, yet liberally, to assure the right of appeal is not lost by imposing requirements not necessary to effect the purpose of the rules.

In a criminal case, the trial court clerk must immediately send one copy of the notice of appeal and the trial court's certification of the defendant's right of appeal to the clerk of the appropriate court of appeals. *See* Tex.R.App. P. 25.2(e). The appellate clerk must then file a copy of the notice and notify all parties of the receipt of the document. *See* Tex.R.App. P. 12.1. This Court received a "Notice of Filing Notice of Appeal" on November 25, 2008, with the attached one-and-a-half page "letter of appeal" from appellant requesting that his case be "heard again." The letter was received within fifteen days of the filing deadline for the notice of appeal. *See* Tex.R.App. P. 26.3. Appellant's lawyer subsequently explained the reason he had not filed an appeal for his client was that his client did not tell him he wanted to appeal, but the attorney asks that we grant the out-of-time appeal. We have the discretion to grant an extension under Rule 26.3, and we should do that in this case. Because the majority does not, I respectfully dissent.