

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-0954, 0955, 0956-13

**JUAN MANUAL GONZALES, Appellant**

**V.**

**THE STATE OF TEXAS**

### ON PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS.
### MCLENNAN COUNTY

*Womack, J., delivered the opinion of the unanimous Court.*

The appellant pleaded guilty to four indictments for delivery of methamphetamine and pleaded true to the enhancement allegations. The charges were consolidated under a single cause number for a jury trial on punishment. After being sentenced in accordance with the jury's verdict, the appellant timely filed a pro-se notice of appeal, listing only the cause number used at trial. Before briefs were filed, the appellant filed an amended notice with all four numbers. The

Court of Appeals dismissed the appellant's appeals for the three causes that the appellant originally omitted.[1] Here, both the appellant and the State allege that this was error. We agree.

The Court of Appeals dismissed the appellant's appeals for lack of jurisdiction. Not too long ago, this would have been in accordance with our jurisprudence.[2] However, in 2002 the Rules of Appellate Procedure were amended to prevent just such a result.[3] After this amendment, we noted that "defects in notices of appeal should not be described as affecting jurisdiction."[4] Further, we criticized our older cases as elevating "form over substance."[5] We stated, "A person's right to appeal a civil or criminal judgment should not depend upon tracking through a trail of technicalities."[6] Instead, we provided a more equitable path that allowed appellants to

---

[1] *Gonzales v. State*, Nos. 10-13-00122-CR, 10-13-00123-CR, 10-13-00124-CR, 2013 LEXIS 8557 (Tex. App. – Waco 2013).

[2] *See  Davis v. State,* 870 S.W.2d 43 (Tex. Cr. App. 1994); *Jones v. State*, 796 S.W.2d 183 (Tex. Cr. App. 1990).

[3] *See* TEX. R. APP. P. 25.2(f)("Amending the Notice or Certification. An amended notice of appeal or trial court's certification of the defendant's right of appeal correcting a defect or omission in an earlier filed notice or certification, including a defect in the notification of the defendant's appellate rights, may be filed in the appellate court in accordance with Rule 37.1, or at any time before the appealing party's brief is filed if the court of appeals has not used Rule 37.1. The amended notice or certification is subject to being struck for cause on the motion of any party affected by the amended notice or certification. After the appealing party's brief is filed, the notice or certification may be amended only on leave of the appellate court and on such terms as the court may prescribe"). While this rule has been subsequently amended, none of the amendments affect the analysis from *Few* and the other opinions cited in this opinion.

[4] *Few v. State,* 230 S.W.3d 184, 189 (Tex. Cr. App. 2007). S*ee also Bayless v. State,* 91 S.W.3d 801, 803 n.2 (Tex. Cr. App. 2002).

[5] *Few,* 230 S.W.3d at 189.

[6] *Ibid.*

cure "apparently any defects in notices of appeal"[7] because Rule 25.2(c)(2) holds that a notice is sufficient if it shows the party's desire to appeal.[8]

The judgments under review went against these considerations and did what the Texas Rules of Appellate Procedure sought to prevent. The State did not object to the appellant's amendment and readily concedes that it understood the appellant's desire to appeal all four convictions.

Further, Rule 25.2(f) explicitly allows amendments for the purpose of correcting "omissions." Here, it was clear that the one cause number had been used in trial for all four charges. The appellant's failure to list the three others was clearly an "omission."All parties involved understood the appellant's desire to appeal all four convictions and notice was not an issue. The appellant should be allowed his right to appeal. We reverse the judgment of the Court of Appeals and remand the cases to that court.

Delivered March 12, 2014.

Publish.

---

[7] *Ibid.*

[8] TEX. R. APP. P. 25.2(c)(2).