PD-0180-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/15/2015 12:00:00 AM
Accepted 6/15/2015 7:52:34 AM
ABEL ACOSTA
CLERK

# PD-0180-15

## COURT OF CRIMINAL APPEALS OF TEXAS

## PATRICIA ELIZABETH HARKCOM, APPELLANT

## V.

## THE STATE OF TEXAS, APPELLEE

## APPELLANT'S BRIEF

On Appeal From
The Second Court of Appeals
In No. **02-12-00576-CR**
Affirming the Judgment in CR12165
In the 355th District Court
Hood County, Texas
Honorable Ralph Walton, Presiding

MITCHELL LAW

RICHARD MITCHELL # 24047319
ATTORNEY
211 S Rusk St
Weatherford, Texas 76086
817 594 1088
Fax 817 585 4778

## ORAL ARGUMENT IS REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

### APPELLANT

Patricia Elizabeth Harkcom
Unknown

**Trial Court**

355th District Court                          Ralph Walton (Presiding)
Hood County Courthouse                        817 579 3233
1200 Pearl St Granbury Tx

### Counsel:

Attorney for the Appellant (appeal):         Richard Mitchell
                                             Attorney At Law
                                             Texas Bar No. 24047319
                                             211 S Rusk St
                                             Weatherford, Texas 76086
                                             (817) 594-1088
                                             (817) 585-4778 fax

Attorney for the Appellant (trial):          Andrew Ottaway
                                             Texas Bar No. 015342850
                                             PO Box
                                             Granbury Tx 76048
                                             (817) 573-7823

Attorneys for Appellee:                      Megan Chalifoux
                                             Hood County Courthouse
                                             1200 Pearl Street
                                             Granbury, Texas 76048
                                             (817) 579-3245

# Table of Contents

Identities of Parties and Counsel ...................................................... ii

Index of Authorities ...................................................................... iv

Statement Regarding Oral Argument .............................................. 1

Statement of the Case .................................................................... 1

Issue Presented .............................................................................. 3

**Was the instrument the appellant filed with the trial court
a bona fide attempt to invoke the appellate court's
jurisdiction as set forth in Tex. R. App. P. 25.2(c)(2) and in
*Few v. State,* 230 S.W.3d 184 (Tex. Crim. App. 2007)?** ............. 3

Statement of Facts ........................................................................ 4

Summary of the Argument ............................................................ 7

Argument ...................................................................................... 8

Conclusion and Prayer for Relief ................................................... 16

Certificate of Service ..................................................................... 16

Certificate of Compliance………………………………………………17

# Index of Authorities

**Cases:**

**Court of Criminal Appeals**

*Bayless v State,* 91 S.W.3d 801 (Tex. Crim. App. 2002).................. 8

*Castillo v. State,* 369 S.W.3d 196 (Tex. Crim. App. 2012) .............. 9

*Few v. State*, 230 S.W.3d 184 (Tex. Crim. App. 2007)................ 8,11

*Gonzales v State,* 421 S.W.3d 674 (Tex. Crim. App. 2014.)... ...... 11

*Jones v. State, 98 S.W.3d 700 (Tex. Crim. App. 2003)*.................. 15

**Supreme Court of Texas**

*Hone v. Hanafin,* 104 S.W.3d 884 (Tex. 2003) ................................ 9

*Verburgt v. Dorner,* 959 S.W. 2d 615 (Tex. 1997)........................... 9

**Courts of Appeals**

*Clark v. State,* 287 S.W.3d 355 (Tex. App.—Texarkana 2009, no pet) ...................................................................................... 14

*Hall v, State,* 11-05-00222-CR (Tex. App.—Eastland 2006) (not designated for publication) ....................................................... 12

*Lair v. State,* 321 S.W.3d 158 (Tex. App.— Houston [1 st Dist] 2010)(not designated for publication)........................................... 9

*Massey v. State,* 759 S.W.2d 18 (Tex. App.—Texarkana 1988) .... 12

*Palma v, State* 76 S.W.3d 638 (Tex. App.—Corpus Christi 2002) 12

*Rollins v. State* 282 S.W.3d 741 (Tex. App.—Beaumont 2009) ...... 9

*Roberts v. State,* 270 S.W.3d 662 (Tex. App.—San Antonio 2008, no pet.)................................................................................... 13

*Soto v. State,* 03-08-00099-CR (Tex. App.—Austin 2009)............. 11

**Statutes:**

Tex R. App P. 25.2(c)(2) ............................................................. 8

## Statement Regarding Oral Argument

Harkcom requests oral argument upon the important issue presented in this petition. The denial of the right to appeal her conviction on the merits has serious constitutional implications for other appellants throughout the State of Texas.

## Statement of the Case

On 31 December 2011, a Texas trooper arrested Harkcom, a passenger in a shared vehicle, for a felony offense.[1]  Harkcom was convicted and sentenced by a jury on 2 October 2012 for possession of a controlled substance—methamphetamine—under one gram.[2]  The trial court signed and filed its judgment of conviction on 31 October 2012 while presumably sending the Appellant a copy while she was in the county jail.[3]

After her conviction, Harkcom remained in jail without access to an attorney or legal materials.  Described by her trial attorney as "having some deficits," Harkcom communicated her desire to appeal

---

[1] R.R. 3-20

[2] C.R.1:12

[3] CR 1:21, Appellant's trial counsel did not apply for an appeal bond.

1

through the only paperwork that was given to her from the Hood County court system.[4]

Appellate counsel was appointed the next day by written order and filed a motion for new trial and a notice of appeal on 8 November 2012.[5] The trial court heard evidence on Harkcom's ineffective trial counsel claim but denied relief.

The court of appeals raised a concern about the timeliness of the notice of appeal in February 2013 when it asked for an explanation for the late filing.[6] The appeal continued with briefing by both sides on the ineffectiveness of Harkcom's trial attorney.[7]

On 2 October 2014 the court of appeals found in a split decision that Harkcom's appeal should be dismissed for want of jurisdiction because of the untimely notice of appeal by her attorney.

---

[4] R.R. 4: 39, CR 1: 26
[5] CR 1-28
[6] Majority Opinion 5
[7] *ID*

## Issue Presented

**Was the instrument the appellant filed with the trial court a bona fide attempt to invoke the appellate court's jurisdiction as set forth in Tex. R. App. P. 25.2(c)(2) and in *Few v. State,* 230 S.W.3d 184 (Tex. Crim. App. 2007)?**

**Statement of the Facts**

On 31 December 2011, a Texas trooper detained Julie Underhill for an equipment violation on her company's car.[8]  The trooper escorted her to his patrol car to be interviewed. [9]  He noticed her past arrests and an old drug conviction, so he asked her for consent to search the car.[10]  Ms. Underhill declined the trooper's invitation to search her vehicle.  The trooper called for a K-9 to perform an open air search.[11]

While waiting, Ms. Underhill told the trooper that other employees of the company she worked for used narcotics and had access to the same vehicle.[12]  The trooper attempted to convince Underhill that if there was something that the other employees used or possessed then she shouldn't have been riding around with it and she wouldn't be in trouble[13]  Ms. Underhill maintained that she didn't know what was in the vehicle and there were a number of other employees who drove it on a daily basis.[14]

---

[8] R.R. 3-20
[9] R.R. 3-22.
[10] R.R. 3-28.
[11] R.R. 3-29.
[12] R.R. 6, State's Exhibit 2 11:00-15:30
[13] *Id.*
[14] *Id.*

4

At trial the trooper testified that Underhill had aged dramatically which led him to believe that she was a user of illicit drugs.[15]  Later, another officer came on the scene and saw drug paraphernalia behind the back seat of the vehicle which led to a full search of the vehicle.[16]  A small quantity of what was purported to be methamphetamine was also found  behind the back seat of the vehicle.[17]

The appellant and her lap dog were passengers in the car while Ms. Underhill was being investigated.[18]  Upon finding the drugs both Underhill and Harkcom were arrested.[19]  Ms. Underhill was never prosecuted nor  did she testify at trial.[20]

Richard Trotter testified at the Motion for New Trial.  Mr. Trotter testified that he owned the vehicle that Ms. Underhill drove the day she and Harkcom were arrested.[21]  He also testified that there were at least nineteen of his employees who drove the vehicle on a daily basis.[22]

---

[15] R.R. 3-56-57, R.R. 6, State's Exhibit 2 34:00-35:00
[16] R.R. 3-44
[17] R.R. 3-44, 47
[18] R.R. 3-22
[19] R.R. 3-31
[20] R.R. 4-20
[21] R.R. 4-9
[22] *Id.*

Finally, he testified that Harkcom did not drive the vehicle and was not employed by him.[23]

---

[23] *Id.*

## Summary of the Argument

Is the statement "I want a lawyer to help me with my appeal" a bona fide attempt to invoke an appellate court's jurisdiction? Does this statement put a trial court, a clerk, and the prosecution on notice that a defendant wants to appeal an appealable order or judgment? Yes, a liberal or conservative reading of this statement puts all parties on notice the defendant wants to appeal her case.

Patricia Harkcom essentially did what is outlined above. The difference though is that she had to make this request within the rules and regulations of the Hood County system for indigent appointments without the benefit of her trial lawyer who abandoned her at a crucial post judgment time. She requested appellate counsel the only way she knew how. Courts have hewed closely to the principle that appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the rules of appellate procedure would preserve the appeal.

## Issues Presented for Review

**Was the instrument the appellant filed with the trial court a bona fide attempt to invoke the appellate court's jurisdiction as set forth in Tex. R. App. P. 25.2(c)(2) and in *Few v. State,* 230 S.W.3d 184 (Tex. Crim. App. 2007)?**

## Argument

An appeal is perfected if the notice shows the party's desire to appeal from the judgment.[24]   This idea restated beautifully by this Court suggest "…that a court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction."[25]

In this case an incarcerated, indigent, inexperienced pro se citizen made a bona fide attempt to invoke the Second Court of Appeals' jurisdiction but was turned away, because, for some it's easier to elevate form over substance.

This Court's opinions from *Bayless* to *Few* and beyond have continuously held that a person's right to appeal should not depend upon that person tracking through a trail of technicalities.[26]  In *Few* the Court quotes Professor Dix, who suggests that the Court of Criminal

---

[24] Tex. R. App Pro 25.2(c)(2)

[25] *Few v. State,* 230 S.W.3d 184, 189 (Tex. Crim. App. 2007)

[26]  *Bayless v State,* 91 S.W.3d 801 (Tex. Crim. App. 2002)

Appeals has "…functionally embraced an approach to perfecting appeals and notice of appeal closer to that of the Texas Supreme Court."[27]

This Court has not taken the next logical step as laid out in *Hone*, where the Texas Supreme Court suggested that a court of appeals could consider a notice of appeal filed two days late, but within the fifteen-day period to extend the deadline under Rule 26.3 as an "implied motion for extension of time to file a notice of appeal".[28] This Court should take the final step at this time, as called for in Justice Gaultney's dissent in *Rollins v. State*, encouraged by Justice Sharps' concurrence in *Lair v State* and somewhat contemplated, although not squarely on point, by Judges Alcala and Johnson their dissent in *Castillo v. State*. [29]

If the Court is so inclined then the attorney filed notice of appeal[30] would suffice as an implied motion for extension of time. This case would be an excellent beginning point in merging the civil and criminal practices in the administration of justice. This Court should not be

[27] *Few* at 189

[28] *Hone v. Hanafin,* 104 S.W.3d 884, 885-86 (Tex. 2003) *See Vernurgt v. Dorner,* 959 S.W. 2d 615 (Tex. 1997)

[29] *Rollins v. State* 282 S.W.3d 741, 743 (Tex. App.—Beaumont 2009), *Lair v. State,* 321 S.W.3d 158, 160 (Tex. App.— Houston [1 st Dist] 2010)(not designated for publication) *Castillo v. State,* 369 S.W.3d 196, 203-205 (Tex. Crim. App. 2012)

[30] C.R.34

swayed by the predictable complaints that this change would undermine the finality of judgments, that the implied extension would indefinitely extend the time for the filing of appeals or any number of disasters that could be dreamt up. Justice for the criminal defendant is important and this judicially implied extension would not create the imagined problems that the dissenting judges in *Vernurgt*.[31] On the contrary, because in *Hone* there was an opportunity to dissent as to the continued use of the implied extension and no one did. However, the Court does not need to take that small step because the appellant's filing is sufficient to invoke the court of appeals' jurisdiction.

A timely filed request for counsel to appeal a case can be construed as a notice of appeal. The Second Court cites cases that were decided prior to *Few,* which suggests that a request for an attorney or an order for an appellate attorney is not a notice of appeal. Appellant believes if these cases were decided in light of the *Few* opinion they would be different.

Appellant understands that *Few* is not squarely on point. In that case the defendant filed a document titled notice of appeal which

[31] *Vernurgt* at 617

contained erroneous cause numbers. However, this Court re-emphasized that the lower appellate courts should "not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal."[32] This Court continued "…we have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule."[33]

Finally and most importantly "**Delayed** or defective notices of appeal are unlikely to contribute significantly to the difficulty of preparing the appellate record or otherwise impede the appellate process."[34]

Opinions from courts of appeals have shown how courts have interpreted *Few*. In an unpublished case from the Third District held that a timely filed notice that had the wrong name and the wrong signature line but the correct cause number perfected the defendant's appeal.[35]

---

[32] *Few* at 189
[33] *Id*
[34] *Id* at 190 (emphasis added)
[35] *Soto v. State,* 03-08-00099-CR (Tex. App.—Austin 2009)

In *Gonzales*, this Court reversed the Waco Court of Appeals for dismissing the appeal of a defendant who omitted three out of the four cause numbers that he filed a notice on.[36] Thus in its opinion this Court recognized the Waco Court would have been upheld in the past. In light of new rules and often cited case law a defendant's right to appeal "should not depend upon tracking through a trail of technicalities."[37]

There have been holdings where appellate courts have construed differing documents as notices of appeal. In *Hall,* the Eleventh Court of Appeals held that a request for appellate counsel demonstrated the defendant's desire to appeal his conviction.[38] Likewise, in *Palma* a defendant's letter inquiring about an "appeal lawyer" was deemed sufficient.[39] A written request for a copy of the record and for appointment of appellate counsel is sufficient to serve as notice.[40] In this case the only reason Ms. Harkcom sent the documents to the trial court was to appeal her case.

---

[36] *Gonzales v State,* 421 S.W.3d 674 (Tex. Crim. App. 2014)
[37] *Id* at 675
[38] *Hall v, State,* 11-05-00222-CR (Tex. App.—Eastland 2006) (not designated for publication)
[39] *Palma v, State* 76 S.W.3d 638, 641 (Tex. App.—Corpus Christi 2002)
[40] *Massey v. State,* 759 S.W.2d 18, 19 (Tex. App.—Texarkana 1988)

As correctly pointed out by Justice Walker in her dissent a notice of appeal must express a desire to appeal "*from the judgment.*" In this case that judgment was signed by the trial court and delivered to Harkcom twenty-nine days after sentence was pronounced. The majority's rigid interpretation of the rules creates a situation that is Kafka-esque in its application, involving a time table whereby a defendant must express the desire to appeal from a judgment that does not yet exist.

After her conviction and sentence, Ms. Harkcom sat in the Hood county jail for 29 days before she was presented with the judgment of conviction and associated paperwork.[41] One can safely presume she sat there without the guidance of an attorney at this critical stage.[42] During that time she sent jail provided paperwork to the trial court requesting an attorney to appeal her case.[43] The trial court knew she wanted to appeal her case and wrote APPEAL in big block letters, then filed it with the Hood County District Clerk.[44] It appointed an attorney

---

[41] C.R. 19
[42] Majority Op. 3
[43] C.R. 26
[44] *Id*

that same day the Appellant made a bona fide attempt to invoke the appellate court's jurisdiction when she filed her application.

This Court should refrain from a bright line holding that an affidavit and request for appellate counsel is not a bona fide attempt to invoke the jurisdiction under these facts as held by the Second Court of Appeals and other cases which they cited.[45] Firstly, these cases were decided during a time where technicalities doomed a defendant's right to appeal. Secondly, the cases are distinguishable.

The Second Court cited *Roberts v. State,* where the facts are similar to the present case.[46] In *Roberts* the San Antonio Court stated that the title of the document filed was "Statement of Inability to Afford Counsel" which in its words, "The word appeal is never mentioned in the document."[47]

In this case Harkcom filed two documents requesting appellate counsel with the second document having the same exact cause number that described the offense with which she had a right to appeal.[48] In addition the order appointing counsel was annotated with the words

---

[45] *Clark v. State,* 287 S.W.3d 355 356(Tex. App.—Texarkana 2009, no pet.), *Roberts v. State,* 270 S.W.3d 662, 665 (Tex. App.—San Antonio 2008, no pet.).
[46] *Roberts* at 665
[47] *Id*
[48] C.R 26-27

"Appeal" and "On Appeal" by the trial court.[49]  The trial court clearly knew why Harkcom was asking for an attorney on the same cause number she was convicted under.  The document she filed showed her attempt to appeal her case.

In *Jones* this Court held that the language of the motion to withdraw and the affidavit makes clear the appellant's desire to appeal.[50]  In this case Harkcom's desire is also clear.  In addition, the trial court understood what her request was and filed it.  The trial court did not need to liberally construe her request because it knew exactly what she was asking for.  By asking for an attorney to appeal her case she sent up a safety flare for all of world to see: that she wanted to appeal her case.

This Court understands how important the right to appeal is in any case where defendants can spend decades in prison, and may do so whether they are factually innocent, had their constitutional rights infringed or just had an ineffective attorney.  This Court should hold that the right to appeal is so important to the orderly administration of justice that a newly convicted defendant like Harkcom—alone,

[49] C.R. 27
[50] *Jones v. State, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003)*

uneducated, and without counsel—can invoke her right when her desire is clear but the documents are not.

## Conclusion and Prayer

The Court should, REVERSE the holding of the Second Court of Appeals and REMAND for determination of the case on the merits.

Respectfully submitted,

MITCHELL LAW
211 S Rusk St
Weatherford, Texas 76086
Phone: (817) 594-1088
Fax (817) 585 4778
Richard@richardmitchelllaw.com


_/s/Richard Mitchell_____
Richard Mitchell
TX Bar No. 24047319
ATTORNEY FOR APPELLANT

## Certificate of Service

On the 15 day of June, 2015, a copy of the foregoing document will be served upon opposing (Local and State )counsel.


__/s/Richard Mitchell_____
Richard Mitchell

## Certificate of Compliance

16

I hereby certify that this document contains 2815 words in 14pt Century Schoolbook font.

___/S/ Richard Mitchell