**Affirmed and Opinion Filed October 19, 2017**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00032-CR
### No. 05-17-00080-CR

**BRITTANY LAUREN PAYNE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause Nos. 004-83281-2016 & 004-81845-2016**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Whitehill
Opinion by Justice Francis

After the trial court denied her motion to suppress, Brittany Lauren Payne pleaded guilty to fleeing an officer and driving while intoxicated with a blood-alcohol content over 0.15, both arising out of the same facts. In the fleeing an officer case, the trial court placed appellant on deferred adjudication community supervision for twelve months and fined her $300. In the DWI case, the trial court sentenced appellant to 150 days in jail, probated for fifteen months, and a fine of $300. In her sole issue, appellant contends the trial court erred by denying her motion to suppress. We affirm.

Evidence at the suppression hearing showed Arfaine Tesfay, a roadway service employee of the North Texas Tollway Association, was patrolling Sam Rayburn Tollway every hour on October 13, 2015. At about 3:20 a.m., he found appellant's vehicle stopped on the south side of

the Tollway on one of the on-ramps.  Two of the car's tires were in the right lane and two tires were on the shoulder of the road.  Tesfay approached the vehicle and saw that the driver, later identified as appellant, was asleep.  NTTA policy was to not awaken a sleeping driver because he or she could be intoxicated and might drive away.  Consistent with this policy, Tesfay did not awaken appellant.  Tesfay blocked the lane with cones and lights and notified the NTTA command center.  He used a flashlight to warn passing vehicles to slow down.

About twenty-five minutes later, Department of Public Safety Trooper David Washington III arrived on the scene.  Washington had been a trooper for six years and had conducted many DWI investigations.  Washington saw appellant's car partially in the lane of traffic; its brake lights were on initially but then went off, which Washington said suggested appellant took her foot off the brake.  Washington parked behind appellant's car.  The rearview and front rotator lights of his marked patrol vehicle were on as he approached appellant's car.  Washington, who was in full uniform, shined his flashlight on the driver for several seconds and noted she was asleep.  When he tapped on the driver's window, appellant immediately sped off on the Tollway.  Washington ran back to his vehicle and followed her at speeds of 40 to 50 mph with his lights and sirens on.  After about six minutes, appellant pulled over.  During the pursuit, appellant weaved in her lane several times and changed lanes without signaling.  A video recording was admitted into evidence and depicts the events testified to by Washington.

After the evidence was presented, the State argued the motion to suppress should be denied for two reasons:  (1) Washington was utilizing his community caretaking function when he stopped and detained appellant and (2) Washington had reasonable suspicion to detain appellant.  The trial court denied appellant's motion to suppress and subsequently made written findings and conclusions to support the denial on both grounds argued by the State.  These appeals ensued.

Before addressing the merits of the trial court's decision, we consider an issue related to our jurisdiction over the DWI appeal, Cause No. 05-17-00080-CR. Appellant timely filed her notice of appeal but listed only the trial court cause number in the fleeing an officer case. After the time expired for filing a new notice of appeal but before any briefs were filed, appellant filed an amended notice of appeal requesting this Court to include the cause number in the DWI case. We asked the parties for jurisdictional briefing. The State contends the DWI notice of appeal is untimely; appellant argues otherwise. We agree with appellant.

In *Gonzales v. State*, 421 S.W.3d 674 (Tex. Crim. App. 2014), the court of criminal appeals addressed a factually similar situation. There, the appellant was indicted in four different cases, but the cases were consolidated under a single cause number for jury trial. When the appellant filed his notice of appeal, he listed only the cause number used at trial, and the court of appeals dismissed the three other cases. 421 S.W.3d at 674–75.

The court of criminal appeals reversed, explaining the rules of appellate procedure were amended in 2002 to "prevent such a result," citing to rule 25.2(f). Rule 25.2(f) allows a notice of appeal to be amended to correct a defect or omission in an earlier filed notice at any time before appellant's brief is filed, if the court has not previously notified the parties of the defect and given them an opportunity to remedy it, if possible. TEX. R. APP. P. 25.2(f). The court criticized older cases as elevating "form over substance" and stressed a person's right to appeal "should not depend upon tracking through a trail of technicalities." *Gonzales*, 421 S.W.3d at 675.

Here, the two cases are companions and have been treated as such by the parties and the trial court. Appellant filed a motion to suppress in both cases, and the trial court conducted one hearing and issued one set of findings of fact and conclusions of law. Moreover, the same suppression issue is raised in both cases. Appellant has filed one brief, with both cause numbers, and the State has filed a single response under both cause numbers. Given these particular

–3–

circumstances, we conclude appellant's failure to list both cause numbers was clearly an "omission." *See id.* The DWI case is properly before us.

Turning to the merits, appellant brings a sole issue arguing the trial court abused its discretion by denying her motion to suppress. In her issue, she challenges only one of the grounds supporting the trial court's denial: the community caretaking function. She does not address whether the trial court's ruling can be affirmed on the second basis argued, reasonable suspicion.

An appellant must challenge all independent bases or grounds that fully support a judgment or appealable order. *State v. Hoskins*, No. 05-13-00416-CR, 2014 WL 4090129, at *2 (Tex. App.—Dallas Aug. 19, 2014, no pet.) (not designated for publication) (applying principle to issue regarding motion for new trial); *Johnson v. State*, No. 03-15-00695-CR, 2017 WL 1404334, at *4 (Tex. App.—Austin Apr. 12, 2017, no pet.) (mem. op., not designated for publication) (applying principle to issue regarding motion to suppress); *see State v. Copeland*, 501 S.W.3d 610, 613 (Tex. Crim. App. 2016) (explaining that if "theory of law" applicable to case is presented at trial in "such a manner that the appellant was fairly called upon to present evidence on the issue," but appellant fails to argue "theory of law" applicable to the case on appeal, the argument is forfeited). If even one independent ground fully supports the complained-of ruling and an appellant does not assign error to it, we accept the validity of that unchallenged independent ground; consequently, any error in grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling. *Hoskins*, 2014 WL 4090129, at *2; *Johnson*, 2017 WL 1404334, at *4.

Here, appellant has not challenged all grounds relied upon by the trial court in denying her motion to suppress; accordingly, she cannot show the trial court erred in denying her motion. Even if she had challenged reasonable suspicion, however, she cannot show error.

–4–

Investigative detentions are generally governed by the reasonable suspicion standard. *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011). Under the Fourth Amendment, reasonable suspicion exists when an officer is aware of specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is or soon will be engaging in criminal activity. *Id*. This standard is objective; the subjective intent of the officer conducting the detention is irrelevant. *Id*. Reasonable suspicion does not depend on the "most likely explanation" for a suspect's conduct, and reasonable suspicion can exist even if the conduct is "as consistent with innocent activity as with criminal activity." *Id*.

Here, appellant was found sleeping behind the wheel of her car, which was partially in a lane of traffic on an on-ramp of a major roadway, at 3:20 a.m. The car's headlights were on and the engine appeared to be running.[1] Appellant did not awaken, despite the shining of a light on her face, until the trooper tapped on her window twenty-five minutes later. She immediately sped away, leading the trooper on a six-minute pursuit in which she weaved in her lane several times and changed lanes without signaling.

In *York*, the court of criminal appeals concluded an officer had reasonable suspicion to believe the appellant was intoxicated to the degree he might endanger himself or another based on the following facts: (1) it was around 3:00 a.m., (2) the appellant was asleep in his car, (3) the car's engine was running, (4) the car was parked partially on the sidewalk near the door to a gas station that was closed, and (5) the headlights were on. 342 S.W.3d at 537. The facts here are at least as compelling as those in *York* to show Washington had reasonable suspicion to believe

---

[1] The trial court made this finding. Although the trooper did not specifically testify the engine was running, the audio/video recording showed appellant drove away immediately after Trooper Washington tapped on the driver's side window with no sound of an engine starting. From this, the trial court could have inferred the engine was running when Washington approached the car and found appellant asleep.

appellant was intoxicated to the degree she might endanger herself or another and operated a motor vehicle while intoxicated. We overrule the sole issue.

We affirm trial court's judgment in the DWI case and the order deferring adjudication in the fleeing case.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
170032F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRITTANY LAUREN PAYNE, Appellant

No. 05-17-00032-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 4, Collin County, Texas
Trial Court Cause No. 004-83281-2016.
Opinion delivered by Justice Francis;
Justices Myers and Whitehill participating.

Based on the Court's opinion of this date, the trial court's order of deferred adjudication is **AFFIRMED**.

Judgment entered October 19, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRITTANY LAUREN PAYNE, Appellant

No. 05-17-00080-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 4, Collin County, Texas
Trial Court Cause No. 004-81845-2016.
Opinion delivered by Justice Francis;
Justices Myers and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 19, 2017.