# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-21-00057-CR

**Kirk Wayne McBride, Sr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 22ND DISTRICT COURT OF COMAL COUNTY
## NO. CR94-311, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We issued our original opinion in this case March 31, 2021 in which we concluded that we lacked jurisdiction over appellant's appeal of his sentence and a purported "Order denying the Appellant's Motion for Entry of Judgment."[1]  *See McBride v. State*, No. 03-21-00057-CR, 2021 WL 1202092, at *1 (Tex. App.—Austin Mar. 31, 2021, pet. ref'd) (mem. op., not designated for publication).  Appellant has now filed a motion for rehearing.  *See* Tex. R. App. P. 49.1.  We overrule appellant's motion for rehearing, withdraw our previous opinion, vacate our previous judgment, and issue this substitute opinion and a new judgment.

Twenty-five years ago, a jury found appellant guilty of aggravated sexual assault and assessed punishment, enhanced by two previous felony convictions, at ninety-nine years.  In

---

[1]  The record before us contains no written, signed order denying appellant's *Motion for Entry of Judgment*, filed on February 2, 2021.

two issues, appellant contends that we erred by finding that we lacked jurisdiction because the record "unequivocally shows that there is an outstanding Judgment of Conviction imposing sentence from which to appeal."

## BACKGROUND

Appellant was charged in four indictments with sexual assault, aggravated sexual assault, and aggravated kidnapping. *McBride v. State*, No. 03-95-00596-CR, 1997 WL 123560, at *1 (Tex. App.—Austin Mar. 20, 1997, pet. ref'd) (per curiam) (not designated for publication). He was convicted on each of the indictments following a consolidated trial, but this Court reversed his convictions after we determined that a blood sample drawn from appellant was unlawfully seized. *See McBride v. State*, 840 S.W.2d 111, 114–17 (Tex. App.—Austin 1992, pet. ref'd). He was retried on the original indictments, but the trial ended in a mistrial on appellant's motion. *McBride*, 1997 WL 123560, at *1. He was then twice reindicted on aggravated sexual assault: cause number CR90-157 (as originally indicted) became cause number CR94-311 and, finally, CR95-129. *Id*. The latter indictment contained two counts, alleging sexual assault aggravated by (1) fear of imminent infliction of death, serious bodily injury, and kidnapping and (2) use of a deadly weapon, respectively. *Id*. The jury charge authorized conviction on either theory. *Id*. Following a trial, the jury returned a general verdict of guilty and sentenced appellant to ninety-nine years' confinement. *Id*. at *4.

Several months before his retrial in cause number CR95-129, appellant, pursuant to a plea bargain, pleaded guilty in cause numbers CR94-311, -312, -313, and -314 in exchange for a recommended sentence of thirty years' confinement. After receiving the pre-sentencing investigation, the trial court rejected the plea agreements at a sentencing hearing on

April 11, 1995. The trial judge informed appellant that he was rejecting the agreements and asked him whether he wished to withdraw his pleas. Appellant declined, and the trial judge found him "guilty as charged of all cases," stated that "the sentences will be 60 years in each case," and remanded him to the sheriff's custody. Nevertheless, the trial judge then explained, "That is not the plea agreement. You can withdraw your pleas of guilty if you wish or, if you wish, you can accept 60 years in the Texas Department of Criminal Justice. You can talk to your attorney about it and let me know." After a delay, appellant's attorney returned to the courtroom and indicated on the record that appellant "wishe[d] to proceed to trial." The trial court stated that appellant "will be allowed to withdraw his plea[s] and his cases will be reset for trial"; on the docket sheet for cause number CR94-311, the trial judge noted that appellant had withdrawn his plea and the case was to be reset. However, before the trial could be held, the case was reindicted in cause number CR95-129. Cause number CR94-311 was subsequently dismissed upon motion of the State. *Id*., at *1.

On January 28, 2021, approximately twenty-five years after his conviction in cause number CR95-129, appellant filed a two-paragraph Notice of Appeal in cause number CR94-311, appealing "from the Sentence that was pronounced and imposed against the Defendant on April 11, 1995, and Order denying the Appellant's Motion for Entry of Judgment." The notice stated it was "an appeal from a Plea Bargain Agreement and the punishment imposed exceeded the recommendation of the prosecution." The sole "Motion for Entry of Judgment" in the record before us was filed after the notice of appeal, on February 2, 2021; no signed order denying the motion appears in the record.

3

## DISCUSSION

Appellant filed the present notice of appeal under cause number CR94-311, in which his guilty plea was withdrawn and the indictment dismissed; he appeals from the sentence "pronounced and imposed" on April 11, 1995, the date of the plea proceeding. Nevertheless, we understand the claims made in appellant's brief and motion for rehearing to amount to an allegation of a double jeopardy violation and challenge to his subsequent reindictment, trial, and ninety-nine-year sentence in cause number CR95-129. Appellant appears to allege that any finding that he withdrew his guilty plea is unsupported by the record and suggests that cause number CR94-311 was dismissed only after jeopardy had attached. In support of his contention, appellant notes that during the plea proceeding, the trial court found him guilty and stated that "the sentences will be 60 years in each case."

The Court of Criminal Appeals ("CCA") has held that an appellant's failure to comply with the technical requirements of notices of appeal, including providing the correct cause number, is insufficient to divest a court of appeals of jurisdiction. *See Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016); *Gonzales v. State*, 421 S.W.3d 674, 675 (Tex. Crim. App. 2014); *Few v. State*, 230 S.W.3d 184, 190 (Tex. Crim. App. 2007). In *Few*, as here, the appellant was re-indicted and convicted on the new indictment. 230 S.W.3d at 185–86. Following his conviction, the trial court dismissed the original indictment. *Id*. Although Few mistakenly wrote the original cause number on his notice of appeal, the CCA held that the court of appeals retained jurisdiction because it was "apparent from the record" that all parties knew that Few expressed his desire to appeal his conviction. *Id*. at 185, 190.

In explaining the rationale for its holding, the CCA emphasized the amendment of the Rules of Appellate Procedure in 2002 "to prevent trivial, repairable mistakes or defects from

4

divesting appellate courts of the jurisdiction to consider the merits of both State and defense appeals in criminal cases." *Id*. at 187; *see* Tex. R. App. P. 25.2(f). The Court noted that it has "instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Few*, 230 S.W.3d at 189. Criticizing its older cases as elevating "form over substance," the Court stated, "A person's right to appeal a civil or criminal judgment should not depend upon tracking through a trail of technicalities." *Id*.; *see Gonzales*, 421 S.W.3d at 675. The CCA has subsequently held that "[a]ll that is required [to constitute a notice of appeal] is that the notice be in writing, be submitted within thirty days or ninety days after sentencing, as appropriate, and show the party's desire to appeal from the judgment or other appealable order." *Harkcom*, 484 S.W.3d at 434. Thus, we will not conclude that we lack jurisdiction as a result of appellant's erroneously filing his appeal under cause number CR94-311.

Although appellant's mistakenly filing his notice of appeal under the wrong cause number does not deprive us of jurisdiction, appellant has already filed a notice of appeal under cause number CR95-129. *See McBride*, 1997 WL 123560, at *1. "[O]nly one appeal can be made from a verdict and judgment of conviction in any case." *Hines v. State*, 70 S.W. 955, 957 (Tex. Crim. App. 1902); *Arabzadegan v. State*, No. 03-19-00728-CR, 2020 WL 370880, at *1 (Tex. App.—Austin Jan. 23, 2020, pet. ref'd) (mem. op., not designated for publication); *see McDonald v. State*, 401 S.W.3d 360, 362 (Tex. App.—Amarillo 2013, pet. ref'd) (dismissing appeal for want of jurisdiction because appellant was not entitled to more than one appeal from conviction); *Coleman v. State*, No. 03-11-00648-CR, 2011 WL 6118604, at *1 (Tex. App.—Austin Dec. 8, 2011, no pet.) (mem. op., not designated for publication) (same). Because

5

appellant directly appealed his conviction in cause number CR95-129 approximately twenty-five years ago, we lack jurisdiction to consider this appeal.

To the extent that appellant insists he was not mistaken in filing his notice of appeal under cause number CR94-311, we reiterate that there is no judgment imposing sentence from which to appeal. *Abbott v. State*, 271 S.W.3d 694, 697 n.8 (Tex. Crim. App. 2008) (noting Court's prior recognition of "long-established rule that a defendant's general right to appeal under Article 44.02 'has always been limited to appeal' from a 'final judgment.'"); *Chapman v. State*, No. 01-14-00980-CR, 2016 WL 635283, at *1 (Tex. App.—Houston [1st Dist.] Feb. 11, 2016, no pet.) (mem. op., not designated for publication) (concluding that because charge was dismissed and there was no judgment from which to appeal, appellate court had no jurisdiction over appeal); *Valencia v. State*, No. 05-06-01727-CR, 2007 WL 196449, at *1 (Tex. App.—Dallas Jan. 26, 2007, no pet.) (mem. op., not designated for publication) (dismissing appeal for lack of jurisdiction where record contained no judgment of conviction and thus nothing was presented for review).

Moreover, the untimeliness of the appeal likewise deprives us of jurisdiction. As noted above, a notice of appeal challenging a conviction or order must be filed within thirty or ninety days after the sentence is imposed in open court or the order is entered, depending on whether the defendant timely files a motion for new trial. *Chapman*, 2016 WL 635283, at *1; *see* Tex. R. App. P. 26.2(a). "A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction." *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). As such, we must dismiss an appeal for lack of jurisdiction when the notice of appeal is untimely. *See Roberts v. State*, 270 S.W.3d 662, 665 (Tex. App.—San

Antonio 2008, no pet.) (citing *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991)).

With respect to appellant's appeal of an alleged "order" denying his Motion for Entry of Judgment, no such order appears in the record before us. Because there is no appealable order on the motion, we lack jurisdiction to consider the appeal. *See* Tex. R. App. P. 25.2; Tex. Code Crim. Proc. art. 44.02; *State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (noting that "[Court's] precedent requires that an order be in writing" when discussing State's statutory right to appeal pretrial suppression order); *see also State v. Rosenbaum*, 818 S.W.2d 398, 401–02 (Tex. Crim. App. 1991) (holding that for purposes of appeal, trial court "enters" order when judge signs order). Moreover, even if there were such an order in the record, we find no statutory authority authorizing his right to appeal it. *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott*, 271 S.W.3d at 696–97); *see* Tex. Const. art. V, § 6(a) (providing that courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law"); *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (explaining that "[j]urisdiction must be expressly given to the courts of appeals in a statute").

**CONCLUSION**

For the above reasons, we conclude that we lack jurisdiction over this appeal. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____
Edward Smith, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Dismissed for Want of Jurisdiction on Motion for Rehearing

Filed:   December 2, 2021

Do Not Publish